EPSTEIN *v.* GRAFF.

CANCELLATION OF INSTRUMENTS—BILLS AND NOTES—INJUNCTION.
In a suit for the cancellation of a note and to enjoin collection, the decree of the court below in favor of defendants, *held*, supported by the record.[1]

Appeal from Wayne; Mandell (Henry A.), J. Submitted June 17, 1925. (Docket No. 102.) Decided July 16, 1925.

Bill by Abraham Epstein and another against Davis Graff and another for the cancellation of a note and to enjoin the collection thereof. Defendants filed a cross-bill for affirmative relief. From a decree for defendants, plaintiffs appeal. Affirmed.

*Beckenstein & Wienner,* for plaintiffs.
*Samuel Shimans,* for defendants.

CLARK, J. Defendant Davis Graff owned a store business in Detroit. He had a son, Reuben. Plaintiff Abraham Epstein had a son, Meyer. The four men agreed that the sons purchase the business. The price was $45,000. By reducing the price to $35,000, Davis Graff gave his son $10,000. Abraham Epstein, as a gift to his son, paid $10,000 on the purchase price. The sons gave their notes, secured by chattel mortgage, to Davis Graff for $20,000. For the remaining $5,000, Abraham Epstein gave his note to Davis Graff and received back the note, secured by chattel mortgage, of the sons for $5,000. The sons failed in the business. Said plaintiff Epstein did not pay his note of $5,000 at maturity and was sued

---

[1]Cancellation of Instruments, 9 C. J. § 195.

on it by said defendant Graff. The suit was compromised by payment of back interest, and the giving of a renewal note, secured by collateral. Later said plaintiff and his wife filed this bill against said defendant and his wife to cancel renewal note, for restoration of the collateral, and to enjoin collection. Defendants, by cross-bill, prayed decree for the amount due on the note and for resort to the collateral. The bill was dismissed and defendants were decreed the relief they prayed.

Plaintiffs appealing contend that the note and assignment of collateral were without consideration and were procured by fraud and duress. We need not consider that, by compromise of the suit on the note, plaintiffs are estopped. Judge Mandell found with defendants on the facts, rightly, we think. Plaintiffs claim that the original note for $5,000 was merely loaned to defendant Davis Graff for his accommodation. Defendants claim that it was a part of the purchase price of the business. The direct evidence on this question preponderates in favor of defendants. The circumstances and the arithmetic of the case also are with them. The claim of fraud relates chiefly to the value of the chattel mortgage security given to plaintiff Abraham Epstein by the sons. The claim cannot be sustained. That under the management of the sons the security was impaired or lost cannot aid plaintiffs here. The charge of duress does not merit discussion.

The decree is affirmed.

McDonald, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.